## FEDERAL DEPOSIT INS. CORPORATION v. BARTON.
### No. 1834.

Circuit Court of Appeals, Tenth Circuit.

Sept. 22, 1939.

Rehearing Denied Oct. 30, 1939.

M. W. McKenzie, of Oklahoma City, Okl. (Francis C. Brown, of Washington, D. C., and J. H. Everest and Everest, McKenzie & Gibbens, all of Oklahoma City, Okl., on the brief), for appellant.

Leslie Pain, of Chickasha, Okl., and Clayton Carder, of Hobart, Okl., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

The parties may be referred to as follows: Bessie C. Barton as appellee, Howard C. Johnson as the Commissioner, the Federal Deposit Insurance Corporation as appellant, and the First State Bank of Cheyenne, Oklahoma, as the bank.

Appellee commenced this action on February 18, 1936 in due course and time against the Commissioner and the appellant in the district court of Roger Mills County, Oklahoma, and asks for judgment for $5,000 as a deposit liability, with interest, costs, and other relief.

The action was removed from the state district court to the United States District Court for the Western District of Oklahoma, jurisdiction being properly retained.

Thereafter the appellant, by answer on May 7, 1936, admitted that appellee was a resident and citizen of Caddo County, Oklahoma; that the said Howard C. Johnson was Bank Commissioner of Oklahoma; and that said appellant was a corporation organized and existing under the laws of the United States, duly authorized to conduct business in Oklahoma; and that on or about March 25, 1935, said First State Bank, a corporation duly organized and existing under the laws of the state of Oklahoma, with its place of business at Cheyenne, became insolvent and was closed by the Commissioner who took over all its assets at said time of insolvency, and that said bank had become and was then and there a member of the Federal Deposit Insurance fund, and that insurance provided by act of Congress became available to each person to the extent of $5,000 having actual and bona fide deposits in said bank when it became insolvent and was taken over.

The case was tried to the court without the intervention of a jury, which found that the said deposit in the sum of $5,000

had been duly made for said appellee in good faith in the ordinary course of business and without fraud or collusion, and that appellee was insured against loss as an insured depositor in said bank from January 22, 1935, said sum having been deposited to her credit on said date in said bank, and that until the date of the closing of said bank, to-wit, March 25, 1935, the appellee as an insured depositor in said sum of $5,000 was and is the sole owner of said deposit and fund, and that appellee duly and timely filed claim in proper form therefor, which was denied, and that this action was properly and timely instituted; that said $5,000 was deposited by appellee's father, J. W. Cooper, on or about January 22, 1935, in said bank to her credit, and that the deposit was actually made to her credit and so remained as such deposit until the closing of said bank on March 25, 1935, and that said Cooper had advised his daughter, Bessie C. Barton, appellee herein, during his lifetime that he had made such deposit in said bank to her credit, his testimony in this respect being supported by that of the appellee, his daughter, Mrs. Barton.

The lower court further found that "debiting the account of Mr. Cooper with $5,000.00, and crediting the account of Bessie C. Barton with $5,000.00" was made under her father's directions, and though it be a gift, the deposit being actually entered on the bank books to her credit, the plaintiff being notified by her said father that the deposit was so made, and Bessie C. Barton, appellee, never consenting to the transfer of same back from her account to the credit of Mr. Cooper's account, that this was a completed transaction, and the deposit actually made in the bank, all of which was found by the trial court in appellee's favor and against the appellant on the issues as made, being sustained by substantial evidence, said findings have the force and effect of a verdict of a jury, may not be disturbed here on appeal.

The court further found "that there is ample basis for Mr. Cooper setting this money aside and crediting it to his daughter because he testified that he had sufficient money on deposit to spare this payment to his daughter, and that he thought it would thereby decrease his obligation to her in that amount."

The evidence in the record shows that he not only had sufficient money on deposit in said bank to make the deposit for the benefit of his daughter, the appellee herein, but also a sum substantially in excess thereof, such finding by the trial court being sustained by substantial evidence.

The court also found that the deposit was actually made in good faith and became a completed transaction in the Cheyenne bank at the direction of Mr. Cooper by the transfer of $5,000 from his account as a credit on a deposit to the account of Bessie C. Barton in the amount of $5,000, and that the acts of Mr. Higgins, an officer of the bank, in transferring this money back to the account of Mr. Cooper and destroying the records of the bank, were done for ulterior purposes, without the knowledge of either Cooper or Mrs. Barton (appellee), as found by the court, and further that "the title to this deposit was made in the said Cheyenne Bank in the name and to the credit of Bessie C. Barton, and was a completed transaction, and actually made; that this deposit liability was secured by the defendant, and that defendant (appellant) was liable to the plaintiff (appellee) for the amount of $5,000.00," all of which is sustained by substantial evidence.

The court concluded as to the law that "the First State Bank of Cheyenne was a member of the temporary fund of the defendant (appellant) prior to the 25th of March, 1935, and that on that date said bank was declared to be insolvent by the Bank Commissioner of Oklahoma, and he took possession thereof under the laws of the State of Oklahoma to wind up its affairs," and "prior to the failure of said bank on the 25th of March, 1935, there had been credited to the account of the plaintiff the sum of $5,000.00, and that said bank was liable to the plaintiff (appellee) for said deposit made in good faith to her credit, and had never been legally or properly removed or checked out in whole or in part," with the further conclusion that "J. W. Cooper made no gift causa mortis to Bessie C. Barton, but not only authorized the bank to transfer from his account the sum of $5,000.00 to the account of Bessie C. Barton, plaintiff (appellee), and caused the transfer to be actually made to the credit of Bessie C. Barton, and that said deposit was properly entered in the records of the bank, and that no removal thereof in any way had been authorized by the plaintiff, and that the same was a deposit within the meaning of the Acts of Congress by which the defendant became and is liable to the plaintiff in the sum of $5,000.00."

The court further concluded that under the Act of June 16, 1933, 48 Stat. 168, § 8, as amended by the Act of June 16, 1934, 48 Stat. 969, 12 U.S.C.A. § 264, being Section 12B of the Federal Reserve Act, it became the duty of and was proper for the defendant to present the questions of fact in this case to the court for a determination of its legal liability, and that plaintiff (appellee) was entitled to recover interest at the rate of 6 per cent. per annum from the date of judgment in said case on the amount of the liability of the defendant to plaintiff in the sum of $5,000, and that upon payment of the amount herein awarded to the plaintiff (appellee) that she should execute proper and necessary papers for the purpose of granting to defendant (appellant) the right of subrogation in accord with the Acts of Congress, and that if any dividend or dividends have heretofore or may hereafter be paid to the plaintiff (appellee) that adjustment should be made with defendant (appellant) for said dividend, but that the amount of the judgment should be for the full amount of the deposit.

The judgment is affirmed without an award of costs in the trial and appellate courts to either party.