**CAMPBELL SOUP COMPANY, Plaintiff**

v.

**DARLING TRANSFER INCORPORATED, Defendant.**

Civ. 0914.

United States District Court
D. Nebraska.

March 20, 1961.

Donald H. Erickson, Omaha, Neb., for plaintiff.

John F. McKnight, Auburn, Neb., for defendant.

ROBINSON, Chief Judge.

This matter comes before the Court upon plaintiff's motion for summary judgment in which plaintiff prays for judgment in the amount of $2,244.19 on the ground that the pleadings and admissions of fact on file show that the plaintiff is entitled to such a judgment as a matter of law.

At the hearing on the motion it was agreed by counsel for the respective parties that there was no issue as to the fact that the requests for admissions of fact and the pleadings established a prima facie case against the defendant as the initiating carrier of goods moving from Omaha, Nebraska, to Hattiesburg, Mississippi, under Title 49 U.S.C.A. § 20 (11). It was further stipulated that the value of the merchandise as consigned was $2,061, and of that amount, the fair market value of salvaged products was $179.51, and that the remainder of the product was not fit for human consumption and was destroyed.

The issue remaining is whether plaintiff can recover its expenses which were incurred in the salvage of the product under the statutory remedies allowed to it by Title 49 U.S.C.A. § 20(11). The total amount of the expenses involved is $342.-90.

Title 49 U.S.C.A. § 20(11) provides in pertinent part as follows:

"Any * * * carrier * * * shall be liable to the lawful holder of said * * * bill of lading * * *

for the full actual loss, damage, or injury to such property * * *."

Plaintiff contends that the lawful holder of a bill of lading can recover the necessary and reasonable expenses which it has incurred in connection with the determination of salvage value of consigned merchandise as a part of the full actual loss sustained by it.

It is the contention of the defendant that, because of the provisions of the statute, the defendant's liability and the judgment in this case must be limited to the actual damage to the property transported.

Plaintiff cites and relies on Illinois Central Railroad Company v. Zucchero, 8 Cir., 221 F.2d 934, 937, where the court held:

"It remains to consider defendant's contention that the court did not apply the proper rule of damages in determining the amount recoverable. *Each case must depend somewhat on its peculiar facts.* Where property has been damaged in shipment the general rule for determining the amount of damages is the difference between the market value it would have had had it been transported without damage and its market value in its damaged condition (citing cases)".

In the Zucchero case the court found that plaintiff could recover its costs in segregating the damaged property from the undamaged property prior to the sale thereof. The product involved there was bananas and it was necessary to segregate the damaged bananas before any sales could be made from the banana bunches.

The pleadings in the present case show that on July 14, 1958, defendant executed and delivered to plaintiff its bill of lading for shipment of the property involved thereby acknowledging receipt of the property in good order and contracting to carry same to the consignees;

on July 22, 1958, the property was received by the consignee in a defrosted condition and said shipment was rejected by the consignee; on July 24, 1958, defendant was notified by telephone that the product was received in a defrosted and unusable condition and this telephone conversation was confirmed by letter dated July 24, 1958; samples of the product were shipped via air express from Mississippi to Omaha, Nebraska, where plaintiff examined the product and found it unfit for human consumption; by letter dated August 22, 1958, plaintiff requested instruction from defendant for the destruction of the condemned products and by letter dated August 27, 1958, the delivering carrier authorized the defendant to destroy the product; by letters dated September 10, 1958, addressed to the defendant and the connecting carriers, plaintiff gave notice that each had an opportunity to have an independent laboratory examine the product and that in the absence of any reply on their part within ten days said product would be destroyed. Neither defendant nor the connecting carriers requested an opportunity to have the product examined and on October 28, 1958, the product was destroyed.

The value of the entire shipment involved herein was $2,061 and the expense incurred in the determination of salvage value was $342.90. The Court finds that the costs incurred were necessary in connection with the determination as to the marketability of the defrosted product and in the determination of salvage value; and that said costs were paid by the plaintiff.

Judgment will be entered for plaintiff for the full amount of $2,244.19. Counsel for plaintiff will prepare Findings of Fact, Conclusions of Law and an Order for Judgment, submit them to counsel for defendant for approval as to form only, and file them with the Court within twenty days from the date hereof.