**R. OLSEN, Appellant,**

v.

**RAILWAY EXPRESS AGENCY, INC.,
Appellee.**

**No. 6691.**

United States Court of Appeals
Tenth Circuit.

Sept. 18, 1961.

Submitted on briefs without oral argument.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This is an action initiated by R. Olsen as plaintiff-owner against the defendant Railway Express Agency, Inc. for damages caused by the Express Agency to three objects of art shipped from New York City to Oklahoma City. The defendant carrier admits liability under 49 U.S.C.A. § 20(11) [1] and the sole issue at trial and upon appeal is the determination of the proper measure of damages. The trial court granted judgment for $885, a sum equivalent to the cost of repair, shipping expense to the place of repair and return, plus an allowance for depreciation. The judgment was pre-

[1] "* * * any common carrier * * * shall be liable * * * for any loss, damage, or injury to such property caused by it or by any common carrier * * * for the full actual loss, damage, or injury to such property caused by it or by any such common carrier * * *."

mised upon expert testimony relative to market value, a factor which plaintiff asserts was erroneous in view of the nature of the damaged property, the circumstances of the shipment and the subjective feelings of the owner, Mr. Olsen.

Plaintiff Olsen is a resident of Oklahoma City. While in New York City in 1958, Olsen purchased a number of objects of art from a dealer for shipment to his Oklahoma home. Among such objects were a Last Supper scene, a Meissen Clock and Base and a Concerto Group for which Olsen paid the respective amounts of $3,500, $1,100 and $1,200. Each was damaged in transit, with the greatest damage occurring to the Last Supper.

The parties are not in dispute as to the nature of the property shipped or as to the extent of the physical damage suffered. The Meissen Clock and Base and the Concerto Group were but slightly damaged and the appellant owner is satisfied with the judgment allowing repair costs and depreciation for those items. The Last Supper portrayal was broken in half, and although capable of being repaired, is subjectively valueless to Mr. Olsen in less than perfect condition. He asserts the value of this item as perfect to be his purchase price, $3,500; the value as damaged to be nil; and he claims damage in the amount of $3,500 for this item.

The Last Supper piece is a porcelain work of art made by Fabris of Milan, Italy. It is admittedly an object of art having an artistic value that varies with the eye of the individual beholders. It is of contemporary manufacture and has no special value from antiquity; it is neither original nor unique art as duplicates exist and can be obtained; it is not of museum quality, a term indicating the highest of quality and value.

■ To determine, in the language of 49 U.S.C.A. § 20(11), "the full actual loss" occasioned when properties are damaged in transit by a carrier, reference is usually made to the standard of market value of the damaged property at point of destination compared to the market value of the property in an undamaged condition. New York, Lake Erie & Western R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292; Chicago M. & St. P. R. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801. The change in market value is not, itself, the statutory liability imposed but in most instances is the obvious and fair method of determining actual loss. The nature of the property damaged may, however, clearly indicate that change in market value does not compensate for actual loss. Such is the case when household goods, heirlooms and similar articles having a peculiar but recognized utility or intrinsic value to the owner are involved. In such case the law will lean heavily upon the subjective value to the owner excluding any fanciful or unduly sentimental valuations. It is sometimes said that a market value, indicative of true value, does not exist for household goods and this in spite of a common market for secondhand properties of this nature.

■ The work Last Supper cannot with complete satisfaction be compared with either a common commodity or with goods having a recognized intrinsic value to the owner. This object of art has no market value in Oklahoma City, the point of destination for its shipment. It was purchased in New York City and can be replaced there. And while Mr. Olsen's testimony and theory that the value of the Last Supper portrayal, undamaged, to him is reflected in his purchase price of $3,500 and that he simply does not want the object in the condition after transit, are understandable we believe the evidence negatives this standard as a determination of actual loss.[2]

Contrary to the plaintiff's contention, the rule is not absolute that where no

---

2. Olsen paid $3,500, $1,100 and $1,200 for the three objects. Experts in the commerce of such works of art set the fair market value of the objects immediately before damage to be $1,475, $625 and $525. The trial court adopted the latter values in determining the amount allowed for depreciated value after repair.

**360**

market value exists at point of destination the instrinsic value to the owner is the limit of inquiry into actual loss. Reference can and usually should be made to value at the nearest advantageous market. V Williston on Contracts, § 1378, p. 3850. And in the instant case we believe that under the totality of circumstances the trial court's award of cost of repair, transportation costs, and allowance for depreciation reflects actual loss as closely as the nature of the case allows.

Affirmed.