F. J. McCARTY CO., Inc., Plaintiff-Appellee,

v.

SOUTHERN PACIFIC COMPANY, Defendant-Appellant.

No. 23492.

United States Court of Appeals, Ninth Circuit.

June 15, 1970.

Frederick E. Fuhrman (argued), Waldron A. Gregory, San Francisco, Cal., for defendant-appellant.

William H. King (argued), of Hamilton & King, San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal by Southern Pacific Company, an interstate carrier, from a judgment awarding damages to F. J. McCarty Co., Inc., arising out of Southern Pacific's delivery of two damaged cargoes of grapes.

The facts of the case are set out in detail in the District Court's opinion reported at 289 F.Supp. 875 (N.D.Cal. 1968). They may be summarized as follows: On June 27, 1966, McCarty, an exporter of perishable agricultural products with offices in San Francisco, entered into a contract with Frutas San Martin C.A., a South American importer, to ship 1330 lugs of cardinal grapes from California to Caracas, Venezuela. The grapes were shipped to New York pursuant to a Uniform Domestic Straight Bill of Lading marked "Expedite for Export". The cargo was delivered to the pier for shipment to Venezuela on a Grace Line vessel but was refused by Grace Line because of damage to ten or fifteen percent of the lugs and grapes. The grapes were eventually sold at auction in New York at a loss. McCarty again contracted with Frutas San Martin on July 20, 1966, for shipment of 1500 lugs of grapes. These grapes were transported by Southern Pacific to New York and, again, were rejected by Grace Line because of damage to the shipment. These grapes were also sold at a loss at auction.

McCarty brought suit in the District Court under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11).[1] Although appellant in its opening brief asserted that the issues for review were "the proper measure of damages and the computation thereunder", it nevertheless also raised the question of the application of the Carmack Amendment. As to the first shipment, the court awarded McCarty damages based upon the contract price, less the offset due to the value of the damaged lugs, less the amount realized from the auction of the grapes themselves, and less the amount of the contract price attributable to shipping charges from New York to Venezuela. As to the second shipment, the court found that Grace Line's rejection was unreasonable as only sixteen of the fifteen hundred lugs of grapes were damaged. The court awarded an amount represented by the contract price for the sixteen damaged lugs less the market value of those lugs in Venezuela.[2] Southern

---

[1]. 49 U.S.C. § 20(11) in relevant portion provides: "Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading * * * and any such common carrier * * * shall be liable * * * *for the full actual loss, damage, or injury to such property* caused by it or by any such common carrier, railroad, or transportation company. * * * *" (Emphasis added.)

[2]. The damages for the second shipment were found to be $20.96. In view of the amount and the fact that no basic legal problem is involved, the court considers this issue as one of de minimis.

Pacific appeals from the court's judgment on the ground that the contract price was not the proper measure of damages. We affirm the judgment of the District Court.

■ Southern Pacific preliminarily alleges that the District Court and this Court have no jurisdiction under the Carmack Amendment because Venezuela was considered the destination of the shipment for damage purposes, and the statute covers only transportation from a point in one state to a point in another state or to an adjacent foreign country. We hold that the transaction under consideration falls within the Carmack Amendment. There was no through bill of lading to Venezuela. Southern Pacific's contract of carriage from California to New York was entirely separate from Grace Line's contract from New York to Venezuela. Southern Pacific's obligation originated and terminated in the United States. The parties treated the contracts of carraige as separate contracts. Considering a similar question, the Supreme Court stated, "If the various parties dealing with this shipment separated the carriage into distinct portions by their contracts, it is not for courts judicially to meld the portions into something they are not." Reider v. Thompson, 339 U.S. 113, 117, 70 S.Ct. 499, 502, 94 L.Ed. 698 (1950).

■■ Appellant next asserts that the trial court's use of the contract price was not a proper measure of damages. We disagree. The general rule for determining the amount of damages is the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the damaged condition in which it did arrive. Gulf, C. & S. F. Ry. Co. v. Texas Packing Co., 244 U.S. 31, 37, 37 S.Ct. 487, 61 L.Ed. 970 (1917); Illinois Central R. Co. v. Zucchero, 221 F.2d 934, 937 (8th Cir. 1955); Olsen v. Railway Express Agency, Inc., 295 F.2d

358, 359 (10th Cir. 1961). To this point both parties are in agreement.

This rule, however, is not absolute. It "is not applied in cases where it is demonstrated that another rule will better compute actual damages." Great Atlantic & Pacific Tea Co. v. Atchison, T. & S. F. Ry. Co., 333 F.2d 705, 708 (7th Cir. 1964), cert. denied, 379 U.S. 967, 85 S.Ct. 661, 13 L.Ed.2d 560 (1965). Nor is it applied where "on the facts, it is not the nearest practicable approach to an ascertainment of the actual loss." United States v. Palmer & Parker Co., 61 F.2d 455, 459 (1st Cir. 1932). It is not used where the goods involved have no market value. See Kirkhof Electric Co. v. Wolverine Express Inc., 175 F.Supp. 43, 46 (W.D.Mich.1958), aff'd, 269 F.2d 147 (6th Cir. 1959); Olsen v. Railway Express Agency, Inc., *supra,* 295 F.2d at 359. We are satisfied that the District Court acted properly in declining to use the market value method of computing damages. There was testimony that the shipped grapes were "second label" or inferior grapes which were not ordinarily sold in New York and had no market value there. Under these circumstances, the contract price may well be a better measure of computing "the full actual loss" as prescribed by 49 U.S.C. § 20(11) than a speculative, hypothetical market value. See H. Daroff & Sons, Inc. v. Strickland Transp. Co., 284 F.Supp. 510, 513 (E.D.Pa.1968). *Cf.* United States v. Northern Pac. Ry. Co., 116 F.Supp. 277 (D.Minn.1953).

Appellant alleges that the District Court's award based on the contract price constitutes special damages as appellant had no knowledge that the ultimate destination of the grapes was Venezuela. Appellant also urges that, by awarding the contract price, the court made appellant a guarantor that the grapes would arrive undamaged in Venezuela.

---

Appellant admits damage and liability for the first shipment but differs as to amount. The difference according to appellant's figures would be from $259.41

to $677.03. Its principal concern is the method used by the court to compute damage.

■ Appellant is correct that its liability is not that of an insurer or guarantor. Adams Express Co. v. Croninger, 226 U.S. 491, 506–507, 33 S.Ct. 148, 57 L.Ed. 314 (1913). The Carmack Amendment does not alter the common law as to special damages. Marquette Cement Mfg. Co. v. Louisville & N. R. Co., 281 F.Supp. 944, 948 (E.D.Tenn.1967), aff'd per curiam, 406 F.2d 731 (6th Cir. 1969). Only those damages can be recovered as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract. Hadley v. Baxendale, 9 Ex. 341, 156 Eng.Rep. 145, 5 Eng.Rul.Cas. 502 (1854); Globe Refining Co. v. Landa Cotton Oil Co., 190 U.S. 540, 544, 23 S.Ct. 754, 47 L.Ed. 1171 (1903); Marquette Cement, *supra*, 281 F.Supp. at 947.

■ The District Court's award, in our view, did not constitute an award of special damages nor did it make appellant a guarantor. The court used language which could be interpreted as an award of special damages. The court said, "Plaintiff contends his damages should be measured by his contract price he would have received in South America. The court agrees." 289 F.Supp. at 883. This language is misleading, but the court's computation of damages indicates that special damages were not awarded. The contract price consisted of the price of grapes *in California* plus shipping and handling costs to Venezuela. In computing damages, the court deducted from the contract price the costs of shipping from New York to Venezuela. Thus the value for purposes of computing damages is the fair market value of export grapes as established in an open market in California plus shipping costs, or "C.I.F. value." (R.T. pp. 4–5; 24). The court did not in fact use the fair market value which the grapes might have had in South America. In view of the doubt as to the validity of the fair market value at destination, in New York, we cannot say that the trial court's findings were clearly erroneous. (Rule 52(a), Fed.R.

Civ.P.). We consider that the court made correct application of the relevant law to the available facts.

The judgment is affirmed.