HEARD, Judge.
This is an action by Interiors, Inc., a local retail furniture dealer, for damages to a sofa which was shipped to it by the manu *497 facturer in North Carolina via Ryder Truck Lines, Inc. From a judgment in plaintiff’s favor for the full price paid for the sofa, $245, Ryder Truck Lines, Inc. appealed.
The basic facts are not in dispute. Interiors bought furniture from Gilliam Furniture Company of Statesville, North Carolina to be transported by Ryder to Shreveport. The legs of the sofa were broken off when the stake-body truck used to deliver the furniture from the terminal to the store hit a bump and the sofa fell off on its end. Interiors refused to accept the sofa after inspecting the damages and submitted a claim for its full value plus freight charges. Ryder refused to pay, claiming that it had sent the sofa back to the manufacturer, had it repaired and returned, all at its own expense, and Ryder was waiting for Interiors to tell them when to deliver it. Interiors never inspected the sofa after its return and continued to refuse it on the basis that Interiors could not uphold its reputation as a dealer in fine new furniture if it accepted and sold the sofa.
In oral reasons the trial judge stated that defendant failed to prove the sofa had been repaired and thus Ryder was liable for the full price of the sofa. Ryder’s specifications of error are that the court erred in finding the sofa had not been repaired and in failing to apply the general rule of damages in such cases.
The uncontradicted testimony of Garland Owens, terminal manager for Ryder Truck Lines is that Ryder returned the damaged sofa to the manufacturer with instructions to put it back in its original condition and paid the bill for that repair work. The sofa was inspected in its wrapping paper by another of Ryder’s witnesses after it was returned from the manufacturer and said to be in like-new condition. Interiors in no way rebutted this testimony, and in fact, had never inspected the sofa since its return from the manufacturer. The court erred in its finding of no repairs.
The question of damages is, however, the crucial issue, regardless of the question of repairs. Since this case involves a regulated common carrier’s liability for an interstate shipment it is governed by 49 U.S. C.A. § 20(11) which states in pertinent part:
“ . . . any common carrier . shall be liable . . . for any loss, damage, or injury to such property caused by it . . . for the full actual loss, damage, or injury caused by it . . . ”
As a general rule, damages for injury to goods while in possession of the carrier are computed at the difference between the market value of the property in the condition in which it should have arrived at the place of destination and its market value in the damaged condition in which it actually did arrive. Gulf, C. & S. F. Railway Company v. Texas Packing Company, 244 U.S. 31, 37 S.Ct. 487, 61 L.Ed. 970 (1917); Piazza v. L. & A. Railway Company, 46 So.2d 670 (La.App.Orl. 1950); Ideal Building Materials, Inc. v. Herrin Transportation Company, 159 So.2d 420 (La.App.2d Cir. 1963); 13 C.J.S. Carriers § 264(a). W. A. Stackpole Motor Transport v. Malden Spinning & Dye Company, 263 F.2d 47 (1st Cir. 1958). This measure is not absolute and there are exceptions such as when there is no market value at the destination. F. J. McCarty Company v. Southern Pacific Company, 289 F.Supp. 875, affirmed 428 F.2d 690 (1968). Plaintiff has insisted upon the full value paid for the sofa but has cited no authority to take its case out of the general rule except that it would damage its reputation as a fine new furniture dealer to accept and sell the sofa. Defendant has correctly fulfilled its duty as that of making plaintiff whole by having the sofa repaired and tendered to plaintiff to sell. Interiors’ insistence on the full purchase price is unreasonable and unwarranted under the law. *498 It has made no effort to mitigate its damage and cannot recover the damages asked.
For the reasons assigned the judgment of the lower court is reversed and suit dismissed at appellee’s cost.