OWEN, Chief Judge.
Allstate Insurance Company paid a judgment against its insured, National Car Rental Systems, Inc.,[1] for liability arising out of the ownership of an automobile operated by one Smith. Because the judgment which it paid was in excess of its policy limits, Allstate brought the present action against the estate of the deceased driver and his liability insurance carrier, seeking indemnification for the excess. This interlocutory appeal is from an order granting the defendants’ motions to abate for lack of jurisdiction over the person of the defendants.
The only issue argued on appeal is that the court erred in granting the motion to abate filed by Guardian Insurance Company of Canada (erroneously designated in the complaint as Royal Guardian Insurance Company of Canada). That defendant’s motion to abate was on the grounds of “lack of jurisdiction over the person of the defendant in that the defendant is a corporation organized and existing under the laws of Canada and is not doing business in the State of Florida,-'-and is not otherwise subject to service of process issued by this Court”. The order appealed simply states that “defendants’ motion to abate are granted”. Nothing in the appendix or the certified appeal papers demonstrate any error in granting this motion upon the grounds specified therein, and the order being presumed correct, is therefore affirmed.
Gratuitously, we add the following observation. Appellant tells us in its brief, unsupported by the record, that at hearing on the motion to abate counsel for Guardian abandoned the grounds set forth in the motion and argued only that the court did not have jurisdiction over Guardian Insurance Company of Canada because the court had not acquired proper jurisdiction over Guardian’s insured. Thus, (says appellant) the real issue on appeal is whether a suit *16 may be maintained against Guardian under the liability coverage of its policy issued to its insured Smith where Smith cannot now be joined as a co-defendant and no judgment has been obtained against Smith, but his negligence was resolved in the prior case which resulted in the judgment against National Car Rental paid by Allstate.
While we do not see how this issue is before us on interlocutory appeal from the order granting a motion to abate, if it is the court reached the correct result. The obligation of Guardian Insurance Company of Canada under the liability coverage of its policy issued to its insured Smith is to pay only the sums which the insured is legally obligated to pay. Since the 'complaint does not allege any basis upon which Smith has become legally obligated to pay any damages, no cause of action is alleged against Guardian under its liability coverage for Smith.
Affirmed.
CROSS and MAGER, JJ., concur.

. See, National Car Rental System, Inc. v. Holland, 269 So.2d 497, (4th DCA Fla.1972).