**VAN DER SALM BULB FARMS, INC., a Washington Corporation; Royal Insurance Company of America, a corporation, Plaintiffs-Appellees,**

v.

**HAPAG LLOYD, AG; Compagnie General Maritime, Defendants-Appellants.**

No. 86–3835.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1987.

Decided June 3, 1987.

James D. Mullins, Vancouver, Wash., Mildred J. Carmack, Portland, Or., for plaintiffs-appellees.

Kim Jefferies, Portland, Or., for defendants-appellants.

Before ANDERSON, TANG and NOONAN, Circuit Judges.

PER CURIAM:

This is an admiralty case under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §§ 1300–1315. The goods, thousands of flower bulbs, were destroyed in transit from a Holland grower to the plaintiff, Van der Salm Bulb Farms in Vancouver, Washington. On a motion for summary judgment, the court awarded damages in favor of Van der Salm and its insurer. Hapag Lloyd challenges the amount of the award.

## I. *Standard of Review*

This court reviews a grant of summary judgment de novo. *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1487 (9th Cir.1983). Like the trial court, this court views the evidence in the light most favorable to the non-moving party. *Id.* A court may grant summary judgment only if the non-moving party raises no genuine issue of material fact. *Id.;* Fed.R.Civ.P. 56(c).

## II. *Market Value*

Under COGSA, "[i]n no event shall the carrier be liable for more than the amount of damage actually sustained." 46 U.S.C. § 1304(5). Hapag Lloyd argues that it raised a genuine issue of material fact that Van der Salm suffered less damage than the amount awarded.

■ The court based its award on Hapag Lloyd's surveyor's damage report. Hapag Lloyd contends that the court erred because the surveyor's determination utilized market value rather than Van der Salm's actual sales prices. Jerry Van der Salm admitted in deposition that good customers get a "better price" than that published in his price list. He also testified that he had presold the bulbs. However, he did not admit to selling these particular bulbs at a discount. His deposition and the

surveyor's report were the only evidence of damages before the court. In the absence of contrary evidence, market value is adequate to show actual damage. *F.J. McCarty Co. v. Southern Pacific Co.*, 428 F.2d 690, 692 (9th Cir.1970) (market value may be used when it is " 'the nearest practicable approach to an ascertainment of actual loss' "); *see also Emmco Ins. Co. v. Wallenius Caribbean Line*, 492 F.2d 508, 514 (5th Cir.1974) (uses market value to calculate COGSA damage award).

■ In its motion for reconsideration, Hapag Lloyd presented evidence of differences between the list prices and those on the surveyor's report. It also presented copies of purchase orders which quoted prices lower than those on the surveyor's report. This evidence was not before the court on the motion for summary judgment. Furthermore, it does not go to prove the actual sales prices of the bulbs in this case. The court considered the evidence and concluded that it did not justify reconsideration. This court construes a denial of a motion for reconsideration under Fed.R.Civ.P. 59(e) as one denying relief under Fed.R.Civ.P. 60(b) and will not reverse absent an abuse of discretion. *Fiester v. Turner*, 783 F.2d 1474, 1475–76 (9th Cir. 1986). We find no abuse of discretion here.

## III. *$500 Package Limit*

■ COGSA limits cargo damage awards to "$500 per package . . . or in case of goods not shipped in packages, per customary freight unit. . . ." 46 U.S.C. § 1304(5). The bulbs were packed in 872 plastic trays surrounded by peat moss. Each tray contained holes on the sides and bottoms to permit air circulation and traveled uncovered. The trial court held that each tray was a package. Therefore, COGSA limits liability in this case to $436,000 which far exceeds the actual damage award. Hapag Lloyd argues that the trays are not packages. Presumably Hapag Lloyd would argue at trial that the container was a "customary freight unit," thus limiting the damage award to $500. It

offered the affidavit of a marine surveyor who stated that he did not consider the trays to be packages. The affidavit, Hapag Lloyd argues, raised a genuine issue of material fact barring summary judgment.

There is no dispute regarding the number or configuration of the trays. The question of whether these trays are "packages" under COGSA is purely a matter of statutory construction. Statutory interpretation is a question of law. *Trustees of Amalgamated Ins. Fund v. Geltman Ind.*, 784 F.2d 926, 929 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986). The opinion of an expert does not convert a question of law into a question of fact. *See Energy Oils, Inc. v. Montana Power Co.*, 626 F.2d 731, 737 (9th Cir.1980). Accordingly, the question is appropriate for summary judgment.

This court has held that Congress intended to give "package" its "plain, ordinary meaning." *Hartford Fire Ins. Co. v. Pacific Far East Line, Inc.*, 491 F.2d 960, 963 (9th Cir.), *cert. denied*, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 112 (1974). We can see no principled reason for holding that uncovered trays containing bulbs are not packages for purposes of COGSA.[1]

The judgment of the trial court awarding damages to Van der Salm is

AFFIRMED.

---

**1.** *See Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 814–16 (2d Cir.1971) (bales of leather are packages); *Marcraft Clothes, Inc. v. M/V Kurobe Maru*, 575 F.Supp. 239 (E.D.N.Y. 1983) (each of 4,400 men's suits covered with plastic bags and hung in a container are packages); *Matsushita Elec. Corp. v. S.S. Aegis Spirit*, 414 F.Supp. 894 (W.D.Wash.1976) (boxes containing electronic equipment are packages, not the container in which the boxes are shipped).

