United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-20827

NEW PROCESS STEEL CORPORATION,

Plaintiff-Appellant,

versus

UNION PACIFIC RAILROAD COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

H-98-CV-4075

Before KING, Chief Judge, REAVLEY, and STEWART, Circuit Judges.

PER CURIAM:[*]

New Process Steel Corporation ("New Process") appeals from the district court's grant of

summary judgment in favor of Union Pacific Railroad Company ("Union Pacific"). For the following

reasons, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

New Process is a processor and distributor of metal products that are used in the manufacture of consumer goods. New Process serves as a "middleman," purchasing steel from steel mills throughout the country, processing the steel, then selling it to manufacturers. New Process asserts that in nearly every one of its purchase contracts with the steel mills, the price includes shipping costs and the steel is delivered F.O.B. Union Pacific, a common carrier railroad, regularly delivers the steel from the steel mills to New Process. In order to facilitate the shipments, Union Pacific entered into confidential rail "transportation contracts" with the steel mills and other various rail carriers.[1] New Process is not mentioned by name in these rail transportation contracts. New Process is named as the consignee and designated recipient of the shipments in the bills of lading issued by the steel mills.

In 1996, Union Pacific merged with Southern Pacific Railway Corporation. New Process claims that the merger caused extensive delays in its rail shipments of steel. New Process further alleges that Union Pacific misstated its ability to remedy these delays. As a result of the delays, New Process alleges that it incurred increased costs in order to obtain substitute products, including increased shipping costs, loading charges, and processing and scrap costs total ing more than 1.25 million dollars in economic damages. To recover these damages, New Process filed suit against Union Pacific in Texas state court for negligent misrepresentation, negligence, and breach of contract. Union Pacific removed the case to federal district court, where the district court granted summary

---

[1] The summary judgment record contains transportation contracts entered into by two of the seven steel mills New Process has identified as having delayed shipments. It appears that the district court treated these transportation contracts as illustrative of all the transportation contracts to which New Process alleges it is a third-party beneficiary.

judgment to Union Pacific. New Process appeals. For the following reasons, we reverse the district court's judgment and remand for further proceedings.

DISCUSSION

I.       Subject Matter Jurisdiction

New Process alleged three state law claims in its state court suit against Union Pacific - negligence, negligent misrepresentation, and breach of contract. Union Pacific removed the case to federal district court pursuant to 28 U.S.C. § 1441(c), based on 28 U.S.C. §§ 1331, 1337, and 1445, and 49 U.S.C. § 11706 (the "Carmack Amendment," which governs the liability of rail carriers under receipts or bills of lading). Neither party raised the issue of the district court's subject matter jurisdiction. Nevertheless, because a federal claim is not stated on the face of New Process's state court complaint, yet removal was based on federal question jurisdiction, we are required to determine whether the district court had subject matter jurisdiction. Bridgmon v. Array Sys. Corp., 325 F.3d 572, 575 (5th Cir. 2003) ("[E]ven where the parties have not raised the issue, it is our duty to raise it sua sponte. The parties cannot waive a want of subject matter jurisdiction.") (internal citations and quotations marks omitted)). "We exercise plenary, de novo review of a district court's assumption of subject matter jurisdiction." Local 1351 Int'l Longshoremen's Ass'n v. Sea-Land Servs., Inc., 214 F.3d 566, 569 (5th Cir. 2000).

To determine whether a cause of action presents a federal question, we examine the plaintiff's well-pleaded complaint "and ignore potential defenses." Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058, 2062 (2003). Under the well-pleaded complaint rule, "'federal jurisdiction exists only when

3

a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003)(quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  As the Supreme Court recently explained, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  Beneficial, 123 S.Ct. at 2062 (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908))(internal citation omitted).  Thus, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  Id.

In its state court complaint, New Process alleged that it was an intended third-party beneficiary of the rail transportation contracts, and that Union Pacific breached those contracts by "failing to discharge its delivery obligations in a timely and diligent manner."  This claim does not confer federal question jurisdiction.  Nonetheless, New Process argues to this Court that under the liberal requirements of notice pleading, its state court complaint asserted a claim under the Carmack Amendment as an alternative to its claim for breach of the rail transportation contracts.  If New Process asserted a claim under the Carmack Amendment, and the claim met the requisite amount in controversy, see 28 U.S.C. § 1445(b), then New Process's case would be removable.  After reviewing the record, however, we do not find that New Process affirmatively asserted a Carmack Amendment claim, i.e. a claim based on the bills of lading, on the face of its state court complaint.  This, however, does not end our inquiry.

There is an exception to the well-pleaded complaint rule that applies when Congress "'so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'"  Arana v. Ochsner Health Plan, 338 F.3d 433, 437 (5th Cir.

4

2003)(quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)); Beneficial, 123 S. Ct. at 2063 ("[A] state claim may be removed to federal court . . .when a federal statute wholly displaces the state-law cause of action through complete pre-emption."). In such a case, the federal statute "so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." Hoskins, 343 F.3d. at 773 (quoting Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995)). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id. Union Pacific argues that removal was proper under the complete preemption doctrine. We agree.

A.    New Process' State Tort Law Claims

In Hoskins v. Bekins Van Lines, this Court recently held that the Carmack Amendment completely preempts all state law and federal common law claims for "loss or damages to goods arising from the interstate transportation of those goods by a common carrier" and, therefore, such claims "arise[] under federal law and [can]. . . be removed under [28 U.S.C.] § 1441." Id. at 778 (quoting Beneficial, 123 S.Ct. at 2064). In Hoskins, the plaintiff filed suit in Texas state court against the defendant common carrier for damages stemming from the loss or damage to her personal belongings that occurred during her move from Texas to Virginia. Id. at 771. The plaintiff's original state court complaint alleged negligence, breach of contract, and Texas Deceptive Trade Practices Act claims against the defendant, but did not affirmatively present any federal claim. Id. The defendant nonetheless removed to federal court pursuant to § 1441, based on 28 U.S.C. §§ 1331 and 1337, and the Carmack Amendment because the plaintiff sought "to impose liability arising out of the interstate transportation of goods by a common carrier." Id. On appeal, this Court ruled that

5

removal was proper because we found, based on Supreme Court and this Circuit's precedent, that "Congress intended the Carmack Amendment to provide the exclusive cause of action" for such claims. Id. at 777-78. Guided by the Supreme Court's complete preemption analysis in Beneficial, we reiterated in Hoskins that "'the proper inquiry [in assessing the propriety of removal] focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended the cause of action to be removable . . .'" Id. at 775-76.

In this case, New Process affirmatively asserted only state-law tort and contract claims against Union Pacific, seeking relief for the damages it allegedly sustained as a result of extensive delays in Union Pacific's interstate rail shipments of steel under bills of lading. New Process further asserts that it was designated as the consignee on the bills of lading and that its claim for damages stemmed from these shipment delays, which it contends forced it to obtain substitute products at increased costs, including increased shipping costs, loading charges, and processing and scrap costs totaling more than 1.25 million dollars in economic damages. We find that, as in Hoskins, the state-law tort claims asserted by New Process for negligence and negligent misrepresentation constitute claims for "loss or damages to goods arising from the interstate transportation of those goods by a common carrier" under a receipt or bill of lading and thus are completely preempted because they fall within the scope of the Carmack Amendment. Therefore, New Process' state tort claims necessarily "arise under federal law" and removal was proper under the federal removal statute, §1441. See Hoskins, 343 F.3d at 778 (citing Beneficial, 123 S. Ct. at 2064).[2]

_____

[2]New Process continues to assert that it was the intended third party beneficiary of the rail transportation contracts, and that Union Pacific breached those contracts. This Circuit has yet to address whether the Carmack Amendment also completely preempts a contract-based third beneficiary claim such as that asserted by New Process. However, we reserve judgment on this question today. We do so because, as Union Pacific argued, New Process's third party beneficiary

6

II.     Summary Judgment

We review the grant of summary judgment de novo.  Mowbray v. Cameron Cty, Tex., 274 F.3d 269, 278 (5th Cir. 2001).  Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56.  "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed de novo."  Mowbray, 274 F.3d at 278-79.

The district court ruled that New Process's claim for breach of contract as a third-party beneficiary under the rail transportation contracts failed as a matter of Texas law.  The district court also dismissed New Process's Carmack Amendment claim because New Process failed to plead that its consequential damages were foreseeable.  Because we find that New Process's third party beneficiary argument conceded the exclusive applicability of the Carmack Amendment to all of its claims, we limit our review below to New Process's substantive claims under the Carmack Amendment.

A.     Carmack Amendment

The district court found, as we have now made clear, that the Carmack Amendment and the bill of lading afford New Process its exclusive remedy.  Pursuant to the Carmack Amendment, a rail carrier is:

> [L]iable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this subsection is for the actual loss or injury to the property caused by - (1) the receiving rail carrier; (2) the delivering rail carrier; or (3) another rail carrier over whose line or route the property is transported in the United States . . . when transported under a through bill of lading.

argument necessarily concedes the exclusive applicability of the Carmack Amendment to its claims.

7

49 U.S.C. § 11706. In Air Products & Chemicals, Inc. v. Illinois Central Gulf R.R. Co., we stated the following:

> Despite the apparent statutory limitation to recovery of damage caused to the property itself transported, the Supreme Court . . . from its earliest interpretation has consistently construed the [Carmack] Amendment as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading. . . . This broad interpretation of a carrier's liability under its bills of lading was premised upon what the Court conceived to be a paramount object of the legislation - to provide a uniform rule that the carrier issuing the bill of lading would be responsible to the consignee for all loss, damage, or delay arising out of the contract to transport the goods so shipped.

721 F.2d 483, 485-86 (5th Cir. 1983) (emphasis added).

The district court held that New Process's Carmack Amendment claim failed because New Process did not plead that its consequential damages were specifically foreseeable. See Hector Martinez & Co. v. S. Pac. Transp. Co., 602 F.2d 106, 108-09 (5th Cir. 1979). Moreover, the district court determined that New Process failed to identify specific deliveries that arrived unreasonably late. New Process argues to this Court that its amended bill of particulars "specifically outlines the many times New Process notified Union Pacific of the damages that were accruing because of Union Pacific's delays."[3] Thus, New Process argues that it has adequately shown that its damages were foreseeable.

Under our Circuit's precedent, however, a Carmack Amendment plaintiff is not required to show that its consequential damages were specifically foreseeable. Rather, we have stated that under the Carmack Amendment, the measure of damages is determined by common law principles as

_____

[3] Union Pacific asserts that New Process waived any challenge to the district court's dismissal of its Carmack Amendment claim because it failed to appeal from this aspect of the district court's ruling. We do not agree and we will review the district court's dismissal of New Process's federal statutory claim.

8

adopted by federal law. Hector Martinez, 606 F.2d at 108 & n.1. A plaintiff can recover "all reasonably foreseeable damages." Air Products, 721 F.2d at 485. Moreover, damages for delay in shipment are available when the harm "was not so remote as to make it unforeseeable to a reasonable [person] at the time of contracting." Hector Martinez, 606 F.2d at 110. New Process's amended bill of particulars details the following damages caused by Union Pacific's late deliveries: (1) increased cost for substitute products; (2) increased transportation costs; (3) outside loading charges; and (4) processing and scrap costs related to delays. We find that at the time the bills of lading were issued, each of the above losses should have been reasonably foreseeable consequences of delivery delays. Therefore, the district court's conclusion as to the foreseeability of New Process's damages cannot support summary judgment for Union Pacific on New Process's Carmack claim.

Moreover, the district court's conclusion that New Process failed to put forth evidence of specific late deliveries is not a ground for granting summary judgment in this case because Union Pacific's motion for summary judgment did not point to the absence of such evidence in the record. Opinions from both the Supreme Court and this Circuit establish that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex v. Catrett, 477 U.S. 317, 323 (1986); accord, Burge v. St. Tammany Parish, 336 F.3d 363, 374 (5th Cir. 2003)(confirming that "[t]he moving party bears the burden of pointing to an absence of evidence to support the nonmoving party's case.") None of Union Pacific's summary judgment material addresses damages. Further, because New Process did not appear to allege a Carmack claim in the district court, Union Pacific did not seek summary judgment

9

on the issue. Instead, Union Pacific's briefs in support of its motion for summary judgment focus on refuting New Process's breach of contract, negligent misrepresentation, and negligence claims under Texas law, and arguing in the alternative that New Process's claims are preempted by the Carmack Amendment. Thus, Union Pacific could not have met its responsibility to show that there was no genuine issue of material fact with respect to a Carmack Amendment claim by New Process.

In addition, New Process's amended bill of particulars indicates that several items of documentary evidence support its damages claims. First, the bill states that New Process has compiled a spreadsheet detailing eighty-two delayed Union Pacific shipments. Second, it claims to possess a chart detailing its increased transportation costs. In the concluding paragraph of its bill of particulars, New Process states that "[a]t the Court's request, New Process has not attached the documents supporting the assertions contained in this Bill of Particulars." (emphasis added). The bill confirms that "New Process is prepared, however, to furnish any additional information the Court deems appropriate." Given that New Process's damages were uncontested by Union Pacific in its summary judgment motion, we find that summary judgment cannot be based on its failure to produce documents that the district court instructed it not to attach.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's grant of summary judgment in favor of Union Pacific on the Carmack claim and REMAND this case for further proceedings. REVERSED and REMANDED.

10